COON et al. v. WILSON.

No. 4265.

Circuit Court of Appeals, Third Circuit.

May 28, 1930.

Geo. Wharton Pepper, of Philadelphia, Pa., and J. Julius Levy and Philip V. Mattes, both of Scranton, Pa., for appellants.

Wm. J. Fitzgerald, of Scranton, Pa., J. Roy Lilley, of Towanda, Pa., Edward J. Kelly, Clarence Balentine, and John P. Kelly, all of Scranton, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and SCHOONMAKER, District Judge.

BUFFINGTON, Circuit Judge.

In the court below Coon, who is since dead and executors substituted, brought an action of assumpsit against Wilson to recover for money had and received by him and alleged not to have been accounted for. By agreement, trial by jury was waived and the case heard by the judge, who found in favor of Wilson. From a judgment entered thereon this appeal was taken.

It will be noted that the findings of the court have the same effect and finality as though made by a jury. Assuming such to be the law, the contention of the plaintiff is in substance a demurrer to the evidence. In other words, it is contended on plaintiff's side that, had the case been tried by a jury, the court should have itself construed the papers in evidence and given binding instructions for the plaintiff. On the other hand, it is contended the case was one in which there was such an intermixture of papers, facts, and circumstances that it had to be submitted to a jury, with the result that the verdict, whether by jury or by judge, in case jury was waived, was final and conclusive. The case, therefore, resolves itself into the narrow question whether the case was one for a judge as a trier of proofs to decide.

Findings of pertinent facts by the trial judge were as follows:

"Third. On April 26th, 1920, and previously thereto, John I. Elsbree, of Milan, Bradford County, Pennsylvania, was the owner of a farm, consisting of one hundred sixty-three acres, called the Milanhurst Farm, situate at Milan, in Bradford County, Pennsylvania, and certain stock and personal property located thereon and Claude L. Coon, formerly of Towanda, Bradford County, Pennsylvania, was desirous of purchasing the same.

"Fourth. On April 26th, 1920, Coon and John L. Elsbree went to the law office of Lilley & Wilson, lawyers in Towanda, Pennsylvania, and there informed Wilson of their oral agreement for the sale of Milanhurst Farm by Elsbree to Coon for the sum of $20,000.

"Fifth. At this meeting in the office of Lilley & Wilson on April 26th, 1920, the discussion covered the Milanhurst Farm, and the personal property thereon which personal property had been inventoried and appraised by Chas. F. McCracken and Thos. M. Pielette, disinterested appraisers, at the sum of $7,188. Elsbree asked of Coon for the farm and said personal property combined the sum of $27,188; Coon offered for the farm and

personal property combined the sum of $25,000. After some further negotiations, the price of the farm and personal property combined was agreed upon and fixed at $25,750.

"Sixth. At the time of the said negotiations and agreement and subsequently thereto, Wilson was acting as agent for both parties to the agreement, and at the time of the said negotiations and agreement, Wilson in the presence of and with the knowledge and consent of the parties made a pencil memorandum and skeleton agreement of the terms of the agreement for the sale of the said farm and personal property by Elsbree to Coon for the sum of $25,750. To this memorandum and skeleton agreement the names of the parties were attached at the time and in the presence of the parties by Wilson.

"Seventh. At the time of the said negotiations in the office of Lilley & Wilson, it was agreed by the parties that Wilson should draw up a more formal agreement and contract covering the said negotiations and agreement for the sale of the farm and personal property, and also a deed for the farm and a bill of sale for the personal property and send the same to Coon, the contract for execution; the deed and bill of sale for inspection, approval and return.

"Eighth. On the same day, April 26th, 1920, Wilson prepared the contract, deed and bill of sale, according to instructions, and mailed the same, duly sealed, signed and executed by John I. Elsbree and Nell S. Elsbree, his wife, to Coon in New York City, which were duly received by him.

"Ninth. Wilson was specifically instructed by Coon to examine the title to the farm and to have the same perfected and also to furnish Coon with a statement of the liens against the farm. In pursuance of these instructions, Wilson advised Coon that the title to the farm was good and that the liens amounted to approximately $8,000 of judgments and taxes and $10,000 of mortgages. The agreement for the sale of the farm and personal property provided that the judgments and taxes against the farm should be paid off and satisfied, and that the $10,000 of mortgages should remain and be assumed by Coon as part of the purchase price.

"Tenth. On May 4th, 1920, Coon mailed to Wilson his check for $9,000 payable to the order of William P. Wilson, directing him to pay off and satisfy all the judgments and other liens against the farm, except the two mortgages, amounting to $10,000 and to pay the balance to John I. Elsbree and to take his receipt therefor. In accordance with

these instructions, Wilson directly paid off and satisfied the judgment and other liens against the farm, amounting to $8,000 and paid the balance of $1,000 to John I. Elsbree after which he notified Coon of his application of the $9,000 whereupon Coon expressed his approval of Wilson's application for the proceeds of the check.

"Eleventh. On May 8th, 1920, Coon refused to execute the contract and returned the contract, deed and bill of sale to Wilson and requested that his check for $9,000 be returned."

On these findings the trial judge held that:

"In the application of the proceeds of the $9,000 check by the payment of judgments and other liens against the farm, amounting to $8,000 and payment of the balance of $1,000 to John I. Elsbree, Wilson followed the *specific instructions of Coon*, who was familiar with all the details of the entire transaction."

And that:

"Claude L. Coon, the plaintiff, was perfectly familiar with all the details of the entire transaction relating to the purchase of the farm and personal property and William P. Wilson, the defendant, acted fairly and in good faith throughout the transaction and explicitly obeyed the instructions of Coon. The consummation of the agreement to purchase the farm and personal property was prevented *by Coon* in his raising unwarranted objections and *demanding consideration* not contained in the *agreement of sale.*"

The confusion in this case may be understood—and dispelled—if it be noted that Coon did not employ Wilson, an attorney, to negotiate a contract with Elsbree for the purchase of his farm and stock. He employed Wilson only to examine the title to the property when purchased and to prepare the title papers and later to disperse the first advance of money as he directed. The negotiations for the purchase of the farm and stock were begun by Coon with Elsbree before Wilson came into the matter and after Wilson's appearance were continued by them. At what appeared to be the final stage, but what turned out to be only an intermediate stage of the transaction, Coon and Elsbree, in Wilson's presence, reached an oral understanding as to prices, noted by Wilson in pencilled memoranda for embodiment in a proposed written contract. But they never entered into a written contract. Therefore they never made a contract in respect to land enforceable at law. Before the proposed written contract was agreed upon and executed, Coon began making payments, through Wilson, to Elsbree on account of the proposed purchase and in discharge of liens on the land. After that the parties, who had never fully agreed, began radically to disagree, and, when the negotiations of sale fell through with a part of the purchase money paid, the consequences of Coon's premature payments must naturally fall on him, unless they were brought about by the unauthorized acts of Wilson, who, according to the court's permissible findings of fact, did nothing outside the scope of his authority, and did only what Coon instructed him to do.

The plaintiff contends, however, that a letter written by Coon to Wilson dated May 4, 1920, printed in the margin,[1] was decisive

[1]May 4th, 1920.
William P. Wilson, Esq., Towanda, Pa.

Dear Mr. Wilson: I have had opportunity to consider satisfactorily only the real estate end of the deal to the present time.

I wish to point out that when the farm was first proposed to me it was represented that the entire acreage was 170. Later on in talking with Mr. Elsbree I gained the impression that it was 167, while your deed seems to call for but 163, thereby showing a shortage of 7 acres on the wood lot. However, I assume that the entire wood lot is included within the description. If it is not, I would feel constrained to insist that it be included, or some good reason shown to the contrary.

I understood that the transfer of the real property carries with it the growing crops. the Delco lighting system, litter carrier and tracks for horse fork in the barn, and all buildings and other appurtenances usually going with the land.

To get the real estate end behind us I am enclosing herewith my check to your order for $9,000.00 to cover the purchase price of the farm subject to the two mortgages aggregating $10,000.00 with interest from May 1st, 1920, and beg to request that you cause to be satisfied of record all judgments and other liens against the farm, except the two mortgages, and turn over the balance to Mr. Elsbree, taking his receipt therefor.

I expect to come up this week-end and will by that time be ready to take up the matter of the personal property.

Please see that the fire insurance policy is properly endorsed in my name as owner, and let me have a statement of the unearned premium.

I am relying upon you absolutely to see that the title is clear. Needless to say, I have no hesitancy whatsoever in doing this.

Thanking you for your consideration, I am

Very truly yours,

Claude L. Coon.

CLC/L
Enc.

of the case, and that the court should have construed such letter, and as a result held that Wilson violated its instructions, and therefore was liable. But this letter did not stand alone. There are other facts and circumstances, conduct of the parties in the way of actions, omissions, etc.—all of which, together with the letter in question and the other correspondence of the parties, were to be considered and given due weight by a jury and therefore by a judge as a trier of fact. While, of course, the facts in Donner v. Alford (C. C. A.) 136 F. 750, are not the same as here, yet the purport of what was said by this court on page 754 is in line with our holding, as we do, that the case was one for a jury, or, when jury was waived, then for a judge, and therefore should be affirmed.